UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| STATE OF WASHINGTON, | |
|---|---|
| Plaintiff, | NO: CV-10-439-RMP |
| v. | ORDER DENYING DEFENDANT'S PETITION FOR REMOVAL |
| JIMMY ELLIS CLARK, | |
| Defendant. | |

Before the Court is Defendant Jimmy Ellis Clark's Motion and Notice of Removal of two Stevens County District Court cases to federal court (Ct. Rec. 6). Mr. Clark is proceeding *pro se*; however, Mr. Clark has not established a basis for this Court to assert jurisdiction over these cases.

Mr. Clark submitted a variety of documents in support of his motion. According to the Sheriff's Office Information Report that he submitted, it appears that Defendant was stopped and cited by a Stevens County Sheriff's Deputy on August 19, 2010 (Ct. Rec. 6-2 at 89). It is alleged that Defendant was driving a Jeep with non-government issued license plates. Allegedly, the officer asked for a

ORDER DENYING DEFENDANT'S PETITION FOR REMOVAL ~ 1

Washington state vehicle registration, and the Defendant claimed that no state registration was needed as the Jeep was private property.

The officer then asked for Mr. Clark's driver license, and Defendant claimed that he didn't need a license because he was not driving a commercial vehicle. Defendant was charged with Driving Without a Valid Driver's License in violation of RCW 46.20.005 (Ct. Rec. 6-2 at 102); Failure to Initially Register a Vehicle, in violation of RCW 46.16.010.2 (Ct. Rec. 6-2 at 107); and Failure to Carry/Display Insurance, in violation of RCW 46.30.020 (Ct. Rec. 6-2 at 108).

Defendant seeks removal of both civil and criminal cases to federal court, relying on 18 U.S.C. § 1448 (Ct. Rec. 6 at 1). Mr. Clark claims that this Court has federal question jurisdiction and that there is no duly qualified judge or prosecutor in state court. He further claims that judges and prosecutors are unqualified because they failed to take and file an official oath in violation of Washington State law.

## DISCUSSION

In order to remove a state case to federal court, the petitioner must file "a short and plain statement of the facts of the grounds for removal" and must establish a basis for federal court subject matter jurisdiction. 28 U.S.C. § 1446(a); 28 U.S.C. § 1331; 28 U.S.C. § 1332.

ORDER DENYING DEFENDANT'S PETITION FOR REMOVAL ~ 2

Federal officers or agencies may remove a state criminal case to federal court under limited circumstances. 28 U.S.C. § 1442. For example, in *People of State of Cal. v. Mesa,* 813 F.2d 960, 966 (9th Cir. 1987), two federal employees of the United States Postal Service attempted to remove state criminal prosecutions under § 1442, claiming federal immunity and that their actions were done "under the color of office." *Id.* at 965-6. In denying the petition for removal, the *Mesa* court drew a distinction between removal in civil cases and removal of criminal prosecutions emphasizing that in criminal suits, the state is a party and removal would force the state to attempt to enforce its own laws in an alien forum. *Mesa* at 966. Furthermore, such removal would weaken a state's ability to uphold criminal law, the "centermost pillar of sovereignty." *Mesa* at 966.

In civil actions, questions of removal are generally determined from the face of a "well-pleaded" complaint. *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-12 (1983). The complaint, or notice of removal, must establish the factual basis for federal court jurisdiction. 28 U.S.C. § 1441.

In his petition for removal, Defendant failed to file a short and plain statement of the facts that support the grounds for removal of his cases to federal court, as required by 28 U.S.C. § 1446(a). Instead, Defendant relies for removal

ORDER DENYING DEFENDANT'S PETITION FOR REMOVAL ~ 3

on 28 U.S.C. § 1448. However, § 1448 pertains to service of process after removal rather than providing a basis for removal. In addition, Defendant has pleaded no factual basis for removal under § 1442. Unlike the Defendants in *Mesa*, Defendant has made no showing that he is a federal employee.[1]

---

[1] Defendant has filed four cases in the Eastern District of Washington excluding this case (*Clark v. Nickel*, 05-CV-001400-FVS; *Clark v. Superior Court Stevens County State of Washington,* 09-CV-00363-LRS; *Clark v. Rasmussen,* 09-CV-00375-JLQ ; and *Clark v. Sypolt,*10-CV-00140-EFS ). In one of the previous cases, Defendant sought federal review of a civil state proceeding (*Clark v. Rasmussen,* 09-CV-00375-JLQ. Ct. Rec. 1). Defendant argued that a prosecutor and Judge had not properly taken an oath of office and accordingly there were not duly qualified Supreme Court Justices to hear his motion. (*Id*.). The court found that abstention was proper given that Defendant had failed to exhaust his state claims (*Clark v. Rasmussen,* 09-CV-00375-JLQ, Ct. Rec. 5). Furthermore, the court warned Defendant that he ran the risk of being declared a "vexatious litigant" (*Clark v. Rasmussen,* 09-CV-00375-JLQ, Ct. Rec. 12).

In another case, Defendant sought federal review of a state denial of a motion to proceed *in forma pauperis.* Defendant claimed federal review was necessary because state supreme court justices did not have jurisdiction to hear and determine his motion because their oaths of office were taken after their terms began and were not filed until a number of days later (*Clark v. Superior Court Stevens County State of Washington,* 09-CV-00363-LRS, Ct. Rec. 5). The court found Defendant's argument unsound, purely one of state law, and further found that Defendant's petition was without merit (*Clark v. Superior Court Stevens County State of Washington,* 09-CV-00363-LRS, Ct. Rec. 5).

ORDER DENYING DEFENDANT'S PETITION FOR REMOVAL ~ 4

Because Defendant has failed to plead sufficient facts to establish federal subject matter jurisdiction and support a valid basis for removal of his cases to federal court, Defendant's Motion to Remove is denied. Having found that this Court lacks jurisdiction in this case, all other pending motions are denied as moot. Accordingly,

**IT IS HEREBY ORDERED**:

1. Defendant's Petition for Removal (**Ct. Rec. 2**) is **DENIED**.

2. Defendant's Motion Requiring Attorney to Produce Authority to Appear with Declaration and Memorandum of Law in Support **(Ct. Rec. 11)** is **DENIED as moot**.

3. The case is **remanded** to Stevens County District Court.

This District Court Executive is directed to enter this Order, furnish copies to Mr. Clark and to the Stevens County District Court, and **CLOSE** this file.

**DATED** this 25th day of February, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge