UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JIMMY ELLIS CLARK,<br><br>　　　　　Defendant. | NO: CV-10-00439<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

Before the Court is the Defendant Jimmy Ellis Clark's Motion for Reconsideration of the Court's Order Denying Defendant's Petition for Removal. The Defendant asserts that, because of the Defendant's pro se status, the Court was obligated to provide an opportunity for the Defendant to amend his Notice of Removal prior to dismissing such notice.

## BACKGROUND

The Defendant filed his Notice of Removal on 12/07/2010. In it, he sought removal of criminal and civil charges brought against him by the State of Washington, specifically one count of Driving Without a Valid Driver's License, Without Identification in violation of RCW 46.20.005, a misdemeanor; one count

ORDER DENYING DEFENDANT'S MOTION FORE RECONSIDERATION ~ 1

of Failure to Initially Register Vehicle in violation of RCW 46.16.010(2), a civil infraction; and one count of Failure to Carry/Display Insurance in violation of RCW 46.30.020, a civil infraction. (Ct. Rec. 6-2 at 102, 107-08). Clark asserted federal question jurisdiction and argued that there were no qualified judges or prosecutors in state court to hear his cases.

This Court determined that removal was not proper because Clark failed to establish in his Notice of Removal that he qualified for removal of the criminal charge under 28 U.S.C. § 1442. (Ct. Rec. 16). Additionally, neither the Notice of Removal nor the underlying Notice of Infraction established a basis for federal subject matter jurisdiction. (Ct. Rec. 16). Clark now moves this Court to reconsider its Order and allow the defendant to amend his Notice of Removal.

### DISCUSSION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 13, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).

The Defendant asserts that it was manifestly unjust for this Court to deny his Notice of Removal and remand the case to state court without allowing him the

ORDER DENYING DEFENDANT'S MOTION FORE RECONSIDERATION ~ 2

opportunity to amend his notice. For this contention, the Defendant relies on *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987). However, *Noll* is inapposite here.

The *Noll* case stands for the proposition that a "pro se litigant bringing a civil rights suit in forma pauperis is entitled to five procedural protections" including "an opportunity to amend the complaint to overcome deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment." 809 F.2d at 1448. The Ninth Circuit has clarified that this "amendment policy is informed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend should be freely granted 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Fed. R. Civ. P. 15(a)(2)).

Here, the Defendant is a pro se litigant, and he is acting in forma pauperis. However, the defendant is not bringing a civil rights suit. Consequently, the Defendant is not in the situation anticipated by *Noll*. Instead, the Defendant is attempting to remove a criminal action and civil action to federal court. The filing of a Notice of Removal is governed by 28 U.S.C. § 1446. That statute states that "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Furthermore, with regard to removal of a criminal action, 28 U.S.C. § 1446(c)(3) provides that "a failure to state grounds

ORDER DENYING DEFENDANT'S MOTION FORE RECONSIDERATION ~ 3

which exist at the time of the filing of the notice shall constitute a waiver of such grounds." In short, the applicable statute contains a much more restrictive policy with regard to removal than exists for a typical civil pleading or a civil rights pleading. Accordingly, the *Noll* standard that finds its basis in the liberality of Federal Rule of Civil Procedure 15, does not enjoy the same applicability in the removal context. Consequently, the Defendant has failed to show a manifest injustice, and his Motion for Reconsideration must be denied.

Even if the liberal pleading standards identified in *Noll* applied in this situation, the Defendant would not be entitled to amendment of his Notice of Removal because the deficiencies in the notice cannot be overcome by amendment. This Court may not consider this case unless federal jurisdiction is established in the pleadings.

With regard to the civil infractions, removal is only appropriate where United States District Courts have original jurisdiction. 28 U.S.C. § 1441(a). Both infractions arise from state statute and present issues of state law. *See* RCW 46.16.010(2); RCW 46.30.020. Accordingly, federal question jurisdiction is not available. *See* 28 U.S.C. § 1331. Similarly, diversity jurisdiction is unavailable. Even if the parties were diverse in this matter, the amount in controversy presented by the two infractions falls well short of the $75,000.00 threshold. *See* RCW 46.16.010; RCW 46.30.020; RCW 46.63.110. Accordingly, there is no fact that

ORDER DENYING DEFENDANT'S MOTION FORE RECONSIDERATION ~ 4

the Defendant could plead that would correct this defect. Consequently, the Court was not obligated to provide an opportunity for the defendant to amend his Notice of Removal.

As to the criminal charge, the Defendant's own attachments to his Notice of Removal foreclose his ability to remove under 28 U.S.C. § 1442. The defendant has already asserted, under penalty of perjury, that he is not employed. (Ct. Rec. 6-2 at 16). Accordingly, he cannot claim to be an officer or employee of the federal government and removal pursuant to 28 U.S.C. § 1442 is inappropriate. Therefore, amendment would be fruitless, and the Court's decision to not grant leave to amend did not constitute a manifest injustice.

In light of the foregoing, the Defendant's Motion for Reconsideration must fail.

**IT IS HEREBY ORDERED**:

1. The Defendant's Motion for Reconsideration (**Ct. Rec. 19**) is **DENIED**.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order and provide a copy to the Defendant.

**DATED** this 22nd day of April, 2011.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge

ORDER DENYING DEFENDANT'S MOTION FORE RECONSIDERATION ~ 5